STOVER *et al.* *v.* LATHROP.

*(Circuit Court, D. Colorado. 1888.)*

COPYRIGHT—CONVERSION OF ABSTRACT BOOKS.

 In an action of trover for the conversion of a set of abstract books, where there was no averment of a copyright, or infringement of the same, and the proofs did not show that defendant had infringed a copyright, had there been one, there is nothing presented for the consideration of the jury, touching the question of a copyright.

At Law. On motion for a new trial.

Action in trover, for the conversion of a set of abstract books. Verdict for defendant, and motion by plaintiffs for a new trial.

*Browne & Putnam*, for plaintiffs.

*W. B. Mills*, for defendant.

BREWER, J. In case No. 1,886, on a motion for a new trial, which was argued before my Brother HALLETT and myself last week, the question which was argued by the defendant's counsel, the verdict having been for defendant, was one of copyright, which arose on the trial, and in respect to which my Brother HALLETT declined to give any instructions, or at least any instructions recognizing any right on the part of plaintiff.

I think it would be very hard to find in the pleadings anything which would justify the bringing up for consideration this matter of the copyright. The complaint is in trover, and alleges that the plaintiff, as surviving partner, was the owner of a set of abstract books, and that he loaned them to the defendant, at that time the recorder of this county, to be used by him and kept up, and thereafter returned upon reasonable demand. Demand was made, and refused; and the books were sold by the defendant to a third party, and the value of them is claimed in this complaint. There is no allegation in the complaint that there was any copyright upon the books; the only thing that even squints in that direction is this statement in the matter of description: "Said property consisted of abstract books known as the 'Durfee System of Abstracts.'" Now, whether there was any copyright upon that system is not averred, nor is there any allegation of any infringement of a copyright, or any claim for damages for such an infringement. It is a simple action of trover for the conversion of that set of abstract books. Under those circumstances, it seems to us that there was nothing in respect to the copyright, or to any infringement of the copyright, which was proper matter of consideration for the jury. It is true the plaintiff offered in evidence proof of having a copyright on that system of abstract books; but that was, undoubtedly, merely for the purpose of identification and description; or at least, if it did come in without objection, it did not open the door for any inquiry as to an infringement of that copyright. But even if it were fully set forth in the complaint and was a proper matter of inquiry, there are two very serious difficulties standing in the way of the plaintiff's recovery. *First*, it is very doubtful whether a copyright can be taken out on a mere system of abstract books,—whether that is not, more properly, the subject-matter of a patent than of a copyright. Be that as it may, the effect of a copyright is not to prevent any reasonable use of the book which is sold. I go to a book-store, and I buy a book which has been copyrighted. I may use that book for reference, study, reading, lending, copying passages from it at my will. I may not duplicate that book, and thus put it upon the market, for in so doing I would infringe the copyright. But merely taking extracts from it, merely using it, in no manner infringes upon the copyright.

Now, if a party can take out a copyright upon a system of abstract books, and sells one series of those books, the purchaser has a right to use that series. He may not duplicate the system; he may not introduce it into any other city, or duplicate it here; but he undoubtedly will have the right to use that series of books which he has purchased, for the title to the books carries with it the right to use them, and in this case the only pretense of an infringement—for he was found by the verdict of a jury, and a verdict unchallenged in that respect, to be the owner of the books—was that he used them for making abstracts.

So, whether we limit the inquiry to the narrow language of the pleadings, or to the facts, as developed in the testimony, we both agree that there was no error, and that the motion for new trial must be overruled.